# Herriford v. McKinley et al.

(Decided March 5, 1929.)

ABEL HARDING and H. S. ROBINSON for appellant.

W. M. JACKSON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

C. M. Herriford and L. E. McKinley were stockholders in the Taylor County Lumber Company. McKinley owned the majority of stock and bought out Herriford, who transferred his stock to McKinley under a written contract signed by them. As a part of the consideration McKinley agreed to convey to Herriford the following property:

> "Two building lots in the —— addition to the town of Campbellsville, designated on the map and plat of said addition as lots No. ——, and No.——, one of which lies on the east side of the lot on which said Herriford's residence now stands and the other on the west side of said residence, with a frontage of — feet and — feet deep, to each lot at the price of $750 for the two lots."

Herriford owned a lot 50 feet wide on which he resided. On the east side of his lot there was a vacant lot 50 feet wide, and on the west side of a vacant lot 75 feet wide, which was rolling land and not so suitable for building purposes. These lots were a part of what was known as the Turner addition to Campbellsville, and the property had been divided into lots 25 feet wide and sold at a

public sale, at which the bidder for any one lot of 25 feet was required to take another lot at the same price and might take at his option three other lots at the same price. The lumber company had bought a number of these lots, but had sold off all of them except the lots above described. In the public sale of the lots, which the lumber company bought, it was also provided that "no piece of the land or unit in the said addition that is only 25 feet wide will be sold by itself, but that the purchaser must take at least two of said units, making a width of 50 feet as a lot." McKinley tendered to Herriford a deed for 25 feet of ground on either side of his lot, Herriford refused to accept it and brought this suit for a specific execution of the contract. The court gave judgment for McKinley, and Herriford appeals.

The language of the contract is, not two lots, but two building lots. The words of a contract must be construed in the sense in which the parties actually used them. "The court cannot assume that words were asserted in such a carefully drawn contract idly in the absence of anything to show this. To read words out of a written contract is simply to disregard the writing which the parties executed as the final evidence of the contract." Elkhorn Star Coal Co. v. Hall, 222 Ky. 349, 300 S. W. 866. To same effect see 6 R. C. L. p. 842, sec. 232; 13 R. C. L. p. 524, sec. 485.

It is shown by the proof that in Campbellsville a building lot means a lot at least 50 feet wide and that nothing smaller is considered a building lot. This is a residential part of the town, and a building lot naturally means a lot suitable for residential purposes. The proof is conclusive that in this section no lots were sold less than 50 feet wide, and nothing less than 50 feet wide was considered a building lot. A short time before this contract was made McKinley offered to sell one of the witnesses some lots and priced to him these two lots, showing him the lots and saying that one was a 50-foot lot and the other was a 75-foot lot, and that the price of the 50-foot lot was $400. This testimony was not contradicted. The proof shows that McKinley and Herriford were on bad terms, and McKinley sent over to Columbia for L. C. Winfrey. Winfrey, when he came, had a meeting with them at the office, and they talked, not to each other, but through Winfrey. Herriford testified that while they were sitting there he took Winfrey out to the corner of the mill and showed him the lots on each side

of his house, telling him they cost $800; that he would not give $800 for them, but would give $750, or, if the rest of them wanted the lots at $750, let them have them. Winfrey told him to wait a minute; he went in and had a talk with McKinley, relating the trade in the office like they had made it, and his offer was accepted. Neither Winfrey nor McKinley positively deny that this occurred. It is absolutely clear from the proof that the two lots cost not over $800. It is also clear from the proof that Herriford was not offering to give $750 for 25 feet on each side of his house. This is not what he wanted. He wanted building lots, which he could sell as such. Before the deed was tendered, he took possession of the property and set posts for a fence inclosing it.

The contract cannot be rescinded, because it has been executed by the transfer of the stock and the performance of all of its other provisions. McKinley cannot keep Herriford's $750, unless he conveys him the two lots which Herriford clearly intended to buy. If there was a misunderstanding between them McKinley should pay to Herriford the money, $750, with interest. On the return of the case McKinley will be given an opportunity to do this if he desires to do so, and if this is not done the court will order the conveyance of the two building lots to Herriford.

Judgment reversed, and cause remanded for a judgment as above indicated.